IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY JENKINS,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF CHICAGO POLICE<br>OFFICERS SPAARGAREN and<br>FLOREK,<br><br>               Defendants. | Case No. 09 C 3453<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment on Plaintiff's false arrest and malicious prosecution claims. For the reasons that follow, the Motion is granted as to the false arrest claim and denied as to the malicious prosecution claim.

### I.   BACKGROUND

Plaintiff Johnny Jenkins ("Jenkins") brought the instant civil rights suit against Michael Spaargaren ("Spaargaren") and Christopher Florek ("Florek") following a December 18, 2007 traffic stop. In Count I, Jenkins alleges that Spaargaren and Florek, both then Chicago police officers, unlawfully arrested him, used excessive force, and detained him for an unreasonable period of

time in violation of the Fourth Amendment. In Count II, Jenkins alleges malicious prosecution under Illinois law. Because this motion concerns only the false arrest and malicious prosecution claims, the Court will discuss only those facts necessary to resolving the motion.

At the time of the stop, Jenkins, himself a Chicago police officer, was on duty disability. Spaargaren and Florek stopped Jenkins' vehicle near the intersection of 111th Street and Western Avenue a short time after Jenkins pulled out of a credit union parking lot on 111th Street. The parties dispute most of the details of what occurred prior to the traffic stop. Jenkins maintains he was driving safely and did not violate any traffic laws. Defendants paint a different scene. They say they were in the credit union parking lot at the same time as Jenkins. When Jenkins left the lot, they contend, he backed his vehicle too close to the officers' squad car, then screeched his tires as he left the lot. Defendants say they followed Jenkins' vehicle onto 111th Street and pulled him over because of his driving and because he had a plastic license plate cover on his rear license plate.

Jenkins does not dispute that he had a clear cover on his rear license plate, but contends that such a plate cover is not illegal,

and regardless, it is not the real reason why Defendants stopped his vehicle.

Following the traffic stop, Jenkins was ticketed for a violation of Section 9-76-160(d) of Chicago Municipal Code, which prohibits motorists from covering their license plates with "any tinted or colored screen." (the "Ordinance").

Defendants base their probable cause argument on the Ordinance and Illinois law.  The Illinois Motor Vehicle Code provides, in relevant part:

> 12-610.5. Registration plate covers.
>
> (a)  In this Section, "registration plate cover" means any tinted, colored, painted, marked, clear, or illuminated object that is designed to:
>
>   (1)  cover any of the characters of a motor vehicle's registration plate; or
>
>   (2)  distort a recorded image of any of the characters of a motor vehicle's registration plate recorded by an automated traffic law enforcement system as defined in Section 11-208.6 of this Code or recorded by an automated traffic control system as defined in Section 15 of the Automated Traffic Control Systems in Highway Construction or Maintenance Zones Act.
>
> (b)  It shall be unlawful to operate any motor vehicle that is equipped with registration plate covers.
>
> . . .
>
> 625 Ill. Comp. Stat. 5/12-610.5 (2006).

Defendants argue that these provisions gave them probable cause to arrest Jenkins, or, in the alternative, that they are entitled to qualified immunity because it was reasonable for them to believe they had probable cause to detain Jenkins based on these provisions.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate where the record shows that there is no genuine dispute as to an issue of material fact. FED. R. CIV. P. 56(a). This means that if, after adequate time for discovery, the non-moving party cannot establish the existence of an element essential to that party's case, and on which the party bears the burden of proof, summary judgment should be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In addressing a motion for summary judgment, the court must review the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998). However, a genuine issue of fact is not shown by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable jury could return a

verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**B.  ANALYSIS**

As a preliminary matter, Defendants move to strike Jenkins' Local Rule 56.1(b)(3)(C) Statement of Additional Facts on the ground that many of the facts presented are immaterial to the motion because they deal with claims not at issue here.  Defendants also assert that some of Plaintiff's factual statements are improper because they are compound sentences, are argumentative, or are conclusory.  The Court agrees with Jenkins, however, that it was difficult to determine what claims were at issue based on Defendants' opening brief.  Defendants' memorandum of law argues that "partial summary judgment is warranted," but it is unclear on what claims Defendants were seeking relief other than Jenkins' false arrest claim.  In their reply brief, Defendants clarify that they are arguing that the existence of probable cause precludes Plaintiff's false arrest and malicious prosecution claims.  This ambiguity caused Jenkins to include the facts underlying all his claims in his statement of additional facts.  The Court notes that motions to strike are disfavored, and the Court is capable of determining which facts are relevant to the present motion and disregarding any extraneous or improper factual statements.

*Zaitzeff v. Peregrine Fin. Grp., Inc.*, 08 C 4053, 2010 WL 438158, at *4 (N.D. Ill. Feb. 1, 2010). As such, Defendants' motion to strike is denied.

### *1. Basis for Traffic Stop*

Plaintiff initially argues that Defendants have impermissibly changed their theory as to the reason for the traffic stop. According to Jenkins, up until this point in the litigation, Defendants have said that they pulled over Jenkins' vehicle because his Fraternal Order of Police ("FOP") medallion obscured the characters on his license plate or because of his allegedly erratic driving. Only now, realizing those facts are in dispute, do Defendants claim that the license plate cover was the reason for the traffic stop, Jenkins argues. Jenkins contends that Defendants' changed story gives rise to an inference that Defendants did not notice the license plate cover at the time they stopped his vehicle. *Davis v. Novy*, 03 C 572, 2003 WL 22359523, at *3 (N.D. Ill. Oct. 15, 2003).

Police officers may arrest a driver if they have probable cause to believe he has committed even a minor traffic offense. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Probable cause exists "when the facts and circumstances . . . are sufficient to warrant a prudent [person] in believing the suspect had

committed or was committing an offense." *Maxwell v. City of Indianapolis*, 998 F.2d 431, 433 (7th Cir. 1993). The inquiry is an objective one; the subjective motivations of the officer do not matter. *Carmichael v. Village of Palatine*, 605 F.3d 451, 457 (7th Cir. 2010) (citing *Whren v. United States*, 517 U.S. 806, 812-13 (1996)). However, the presence of probable cause is determined by looking at the facts as they would have appeared not to an omniscient observer, but rather to a reasonable officer "in the position of the arresting officer – seeing what he saw, hearing what he heard." *Carmichael*, 605 F.3d at 457 (quoting *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992)). In other words, the officer's state of mind is irrelevant to the probable cause analysis except to the extent that the facts he knows must be sufficient to justify a belief that the suspect has committed an offense. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007).

The Court, then, will look to what Spaargaren and Florek knew at the time of the traffic stop. In his deposition, Spaargaren said the traffic stop was predicated on a combination of factors, including that the license plate cover and medallion obscured Jenkins' license plate number. Florek similarly testified that prior to the traffic stop, he noticed both the medallion and the

license plate cover, and both were factors in the officers' decision to stop Jenkins.

In trying to demonstrate a factual dispute as to whether Defendants noticed the license plate cover prior to the traffic stop, Jenkins points to a number of statements by Defendants and others. For example, Spaargaren told the Chicago Police Department's Internal Affairs Division that the officers stopped Jenkins because the FOP medallion was obstructing his license plate. However, in the same interview, in response to the question of whether Jenkins' vehicle had any other violations, Spaargaren said the license plate had a plastic plate cover, to which the medallion was affixed.

Plaintiff additionally points to a statement by Chicago Police Officer Juana Luera ("Luera"), one of the officers who arrived at the scene during the traffic stop. Luera told the Internal Affairs Division that Spaargaren told him the reason for the traffic stop was that the FOP medallion was blocking the characters on the rear license plate of Jenkins' vehicle. However, in that same statement, Luera said Florek and Spaargaren did not tell him what the probable cause was for the traffic stop. Luera added, "I don't know what the probable cause was for the stop, but basically they said it was for the medallion." Finally, Plaintiff contends that

in their interrogatory answers, both Florek and Spaargaren said they detained Jenkins to verify that he was a Chicago Police officer, and released him upon verification of his employment.

The problem with the facts marshaled by Jenkins is none directly contradict Defendants' assertion that they saw the license plate cover prior to the traffic stop or show that they have changed their story about the reasons for the stop. At best, the evidence cited by Jenkins shows Defendants may have had other reasons for pulling over Jenkins' vehicle or detained him for reasons that had nothing to do with the plate cover. But if Defendants saw the license plate cover prior to the stop, and if the presence of the cover would have justified a reasonable officer in believing Jenkins had committed a traffic violation, then Defendants' subjective motivations for the stop do not matter. *Carmichael*, 605 F.3d at 457—58.

The cases Jenkins relies on are inapposite because in those cases, there was a genuine dispute as to whether the police officer observed the facts giving rise to a traffic violation prior to the stop. *See*, *e.g.*, *Carmichael*, 605 F.3d at 458 (finding no probable cause where defendant officer admitted that he did not see tinted windows or missing front license plate prior to traffic stop); *Williams v. Carroll*, 08 C 4169, 2010 WL 5463362, at *3 (holding

that plaintiff's statement that his windows were rolled down raised a genuine dispute as to whether police knew they were tinted at the time of the traffic stop). Here, it is undisputed that Defendants were behind Jenkins in traffic and that they saw the FOP medallion that was either on or near the license plate. None of the facts cited by Jenkins raises anything other than a "metaphysical" doubt as to whether Defendants also noticed the license plate cover prior to the stop. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Therefore, the Court will go on to consider whether probable cause existed such that summary judgment is appropriate on Jenkins' false arrest and malicious prosecution claims.

### *2. Probable Cause*

At the outset, the Court notes that the probable cause analysis differs for Jenkins' false arrest and malicious prosecution claims. Probable cause to arrest is an absolute defense to a claim for false arrest brought under 42 U.S.C. § 1983. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). If police had probable cause to believe the plaintiff committed *any crime*, this defeats a false arrest claim, even if the plaintiff was arrested on charges for which there was no probable cause. *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007).

A malicious prosecution claim, however, is a different animal. It is a state law claim that requires: (1) the commencement or continuance of a judicial proceeding by defendants; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for the proceeding; (4) the presence of malice; and (5) damages. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009). The Seventh Circuit has held that when it comes to malicious prosecution, "the number and nature of the charges matter." *Holmes*, 511 F.3d at 682. Each charge actually filed must be supported by probable cause. *Id.* at 683. Therefore, the relevant question for the purposes of Plaintiff's malicious prosecution claim is whether the ticket he was issued under the Ordinance was supported by probable cause.

### *a. False Arrest Claim*

Defendants argue that the presence of a plastic license plate cover alone was enough to justify the traffic stop. Although Defendants described the cover as tinted during their depositions, Jenkins describes it as clear, and the record must be construed in his favor. Because the Ordinance references only tinted or colored screens, the license plate cover on Jenkins' vehicle does not fall under it. Even if Spaargaren and Jenkins genuinely believed that the license plate cover was illegal under the Ordinance, that

belief would not support a finding of probable cause. *See United States v. McDonald*, 453 F.3d 958, 961 (7th Cir. 2006) ("An officer cannot have a reasonable belief that a violation of law occurred when the acts to which an officer points as supporting probable cause are not prohibited by law.").

Defendants fare better with their argument that Illinois law prohibits even clear license plate covers. The parties dispute the meaning of the Illinois statute, with Jenkins arguing that it applies only to clear covers that conceal or obstruct the characters on the license plate. Neither the parties nor the Court have found any Illinois cases interpreting this statute in the context of a clear license plate cover. The Court, therefore, must analyze the issue as it would expect the Illinois Supreme Court to do. *McDonald*, 453 F.3d at 960.

Illinois courts have held that "the primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *People v. Donoho,* 788 N.E.2d 707, 715 (2003). When possible, a court should interpret a statute according to the plain meaning of its language. *Id.* However, when a statute is subject to more than one reasonable interpretation, the court may look to extrinsic aids to interpret it. *Id.* at 715–16.

Here, the relevant language of the statute prohibits even clear objects that "cover any of the characters of a motor vehicle's registration plate." 625 Ill. Comp. Stat. 5/12-610.5 (a)(1) (2006). However, the word cover has several meanings, and it is not obvious which is intended here or whether the statute requires that the characters on the license plate be hidden from view in order for the plate cover to be illegal. *See Webster's Third New International Dictionary* 524 (1981)(containing several definitions of the word "cover," including "to hide from sight or knowledge," and "to put, lay, or spread something over, on, or before.").

However, although the statute may be ambiguous, the legislative history is not. The license plate cover provision was amended in 2006. *See* 625 Ill. Comp. Stat. 5/12-610.5 (as amended by Pub. Act 94-304, § 5, eff. Jan. 1, 2006). Prior to that time, the statute prohibited only tinted registration plate covers. 625 Ill. Comp. Stat. 5/12-610.5 (2004).

During debate on the legislation that became the current law, State Sen. J. Bradley Burzynski inquired as to whether "the bill, as introduced, indicated that you couldn't have a license plate cover that was either tinted or blue or even clear." One of the sponsors of the bill, State Sen. Martin A. Sandoval, responded

affirmatively, stating that the bill defined banned registration plate covers as "anything that's tinted, colored, painted, marked, clear or illuminated." State of Illinois, 94th General Assembly, Senate Debate (May 25, 2005), *available at http://www.ilga.gov/senate/transcripts/strans94/09400048.pdf* at 63 (last visited March 28, 2011). Based on the language of the statute and its legislative history, the Court finds that it does prohibit the use of clear license plate covers. Because a reasonable police officer in Defendants' position would have been justified in the belief that Jenkins' plate cover was illegal, the Court finds there was probable cause for his arrest. Further, because the arrest was supported by probable cause, the Court need not examine whether Defendants are entitled to qualified immunity on this claim. *Nelson v. Village of Lisle*, 09 C 5033, 2011 WL 124245, at *2 (N.D. Ill. Jan. 14, 2011). As such, summary judgment is granted in favor of Defendants on Jenkins' false arrest claim.

### b. *Malicious Prosecution*

As a preliminary matter, Jenkins argues in his response to Defendants' motion to strike that Defendants' waived their argument that they are entitled to summary judgment on his malicious prosecution claim by failing to address the issue in their opening brief. As discussed above, Defendants' opening brief is ambiguous

as to the relief requested.  However, the Court notes that Jenkins, both in his response brief and his response to the motion to strike, has had a chance to address the issue of whether summary judgment is appropriate on that claim.  As such, the Court will not find waiver.  *See McKeown v. Sears Roebuck & Co.*, 335 F.Supp.2d 917, 938 (W.D. Wis. 2004) (noting that purpose of the rule requiring arguments to be fully developed in an opening brief is to afford opposing party an opportunity to respond).

Regardless, Defendants' motion for summary judgment on the malicious prosecution claim fails on the merits.  As discussed above, the record, viewed in the light most favorable to Jenkins, shows that his license plate cover was clear.  Because the Ordinance applies only to tinted license plate covers, Defendants have not shown that Jenkins' prosecution under it was supported by probable cause.  As such, his claim for malicious prosecution may go forward.

The Court notes that is unclear whether Defendants are arguing that qualified immunity bars Jenkins' malicious prosecution claim. Regardless, that claim is brought under Illinois law, and Defendants cite no authority holding that qualified immunity applies to supplemental state law claims.  Rather, qualified immunity is a defense in a damages action brought for a violation

of federal rights under 42 U.S.C. § 1983. *Herion v. Village of Bensenville*, 00 C 1026, 2000 WL 1648937, *4 (N.D. Ill. Nov. 1, 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see Andreu v. Sapp*, 919 F.2d 637, 640 (11th Cir. 1990) ("Qualified immunity is a defense to federal causes of action and does not protect officials from claims based upon state law."). As such, Defendants' motion for summary judgment on the malicious prosecution claim is denied.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Strike Plaintiff's Local Rule 56.1(b)(3)(C) Statement of Additional Facts is denied. Defendants' Motion for Partial Summary Judgment is granted as to Plaintiff's False Arrest Claim (Count I) but denied as to his Malicious Prosecution Claim (Count II). The remainder of Jenkins' Fourth Amendment claims in Count I are not affected by this ruling.

**IT IS SO ORDERED.**

                                                                Harry D. Leinenweber, Judge
                                                                United States District Court

**DATE:** 4/7/2011