# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3453 | **DATE** | 12/28/2011 |
| **CASE TITLE** | Jenkins vs. Spaargaren, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Defendants' Motion for Costs [140] is granted in part and denied in part. Defendants are awarded costs in the amount of $2,984.08.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' Motion for Costs. [140] The motion is granted in part and denied in part.

### I. BACKGROUND

Johnny Jenkins, a City of Chicago police officer on duty disability, brought the instant § 1983 lawsuit against City of Chicago police officers Michael Spaargaren and Christopher Florek (hereinafter, "Defendants."). A jury found in favor of Defendants on all claims on Sept. 28, 2011. Defendants now seek costs, while Jenkins asks this Court to deny costs on the ground that he is indigent.

### II. LEGAL STANDARD

Under Fed. R. Civ. P. 54(d)(1), there is a presumption that the losing party will pay costs unless the court finds otherwise in its discretion. *See Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006). The Court may consider the losing party's indigence when deciding whether to award costs. *Id.* However, indigence does not automatically excuse the losing party from paying costs. *Id.* at 635 (citing *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733–34 (7th Cir. 1999)). Rather, the losing party has the burden of demonstrating that he is incapable of paying costs at this time or in the future. *Rivera*, 469 F.3d at 635. He may do so by supplying documentation in the form of an affidavit or other documentary evidence. *Id.*

If the non-movant demonstrates that he is indigent, the court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues. *Id.* No one factor is determinative, and the court should state its reasons for granting or denying costs. *Id.* at 635–36. The indigence exception should be construed narrowly. *Id.* at 636.

If the Court finds the non-movant is able to pay costs, it must carefully scrutinize the costs to determine if they are allowable. *Bell v. Keating*, No. 09 C 754, 2011 WL 2182117, at *1 (N.D. Ill. June 2, 2011). A prevailing party is entitled to recover costs if: (1) the expenses are allowable under 28 U.S.C. § 1920; and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

| STATEMENT |
|---|

### III. ANALYSIS
#### A.   Indigence

Jenkins has submitted an affidavit in which he says that in 2003 he suffered serious injuries during a motor vehicle accident while on duty.  As a result of that accident, he has undergone back, neck, and shoulder surgeries.  Jenkins says he has been unable to work, and has remained on duty disability.  A Chicago police doctor must clear him to return to duty, and Jenkins avers that he does not know if or when that will happen.

Jenkins also has detailed his monthly expenses.  He earns $2,719 a month while on disability and has monthly expenses of $3,880.10.  He breaks down these costs as follows: $1,341.66 for his mortgage; $125 for his homeowner's assessment fees; $213.44 for an auto loan; $190 for auto insurance; $250 for gas for his car; $465 in credit card payments; $140 in gas for his home; $100 for home electricity; $150 for telephone, television, and internet; $350 in food; and $555 for his 19-year-old son's expenses for housing, food, and incidental expenses while at college.

Jenkins avers that he incurs additional credit card debt each month covering the shortfall between his income and assets and is underwater on his home, which is valued at $250,000, with a mortgage of $287,000.  Jenkins avers that he has no assets besides his home.  Jenkins concludes that he is unable to pay costs now or in the future, and states that he did not bring this case against his fellow officers lightly.  He signed the affidavit under penalty of perjury.

Defendants reply that Jenkins has not fully accounted for his assets.  They point to a $27,000 settlement he received in 2009.  Additionally, Defendants provided documentation from Jenkins' doctor that they contend shows that Jenkins can work in a sedentary job.  Plaintiff responds that he has not been cleared by a Chicago Police Department doctor to return to work, and that the doctor's notes at issue refer only to Jenkins' neck injury, and not his separate shoulder and back injuries.

The Court notes that the indigence exception is narrowly construed.  To justify the denial of costs on this basis, the losing party must show not just that he has limited financial resources, but that he is truly indigent.  *Harris v. The Picture People*, No. 03 C 3032,  2004 WL 3189467, at *1 n.2 (N.D. Ill. Nov. 22, 2004).  He also must show that he will likely be unable to pay costs in the future.  *Id.*  Although Jenkins cannot at this time return to his work as a police officer, he has not presented evidence to show that he is unable to do other work, or will be unable to do other work in the future. Additionally, while the Court is sympathetic to Jenkins' situation, he is not truly indigent in light of his disability income of $2,719 a month.  So the Court will not deny costs on this basis.  Nonetheless, it  must examine the Bill of Costs to determine if it is reasonable.

#### B.   Assessment of Costs

Defendants seek a total of $4,088.18 in costs.  First, they seek $3,639.05 in costs for deposition transcripts.  Under 28 U.S.C. § 1920(2), courts may award deposition costs, including the costs of transcripts and reasonable appearance fees.  S*ee Held v. Held,* 137 F.3d 998, 1002 (7th Cir.1998).  A deposition need not be used at summary judgment or at trial in order for the Court to find that it was necessary. *Cengr v. Fusibond Piping Sys. Inc.,* 135 F.3d 445, 455 (7th Cir. 1998).

Defendants seek to recover for the depositions of Jenkins, Spaargaren, Florek, Sgt. Angel Novalez, Capt. Michael Alexander, Officer Juan Luera, and Officer Jordan Spencer, as well as personnel from the Office of Emergency Management and Communications.  The Court will disallow the costs for Spencer.  Plaintiff's counsel avers that he deposed Spencer based on Defendants' identification of him as a possible witness, but Spencer remembered nothing about the traffic stop at issue in this case.  It is not clear why Defendants would have needed to order the transcript.  So the Defendants cannot recover the $152.30 in costs and fees for this transcript.

Plaintiff also alleges that Defendants have sought more than the allowable amount of costs.  Defendants seek to recover at a rate of $3.83 for an original transcript of Jenkins' deposition, for a total of $410.70.  Because the maximum allowable rate set by the Judicial Conference is $3.65, the court finds that

| STATEMENT |
|---|

Defendants may recover $390.55.  *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Dec. 9, 2011).

Additionally, Defendants seek to recover for copies of the Novalez and Alexander depositions at a rate of $3.45 a page, but the maximum allowable rate for copies is $0.90 per page.  This reduces the allowable recovery to $150.30 for the Novalez deposition and $126.90 for the Alexander deposition.  *See* Local Rule 54.1 (costs of transcript or deposition *shall not* exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed).  So the total amount Defendants may recover in deposition costs is $2,681.20.

Defendants also seek $146.25 in service costs and $302.88 in copying costs.  Plaintiff challenges the costs for serving deposition subpoenas on two doctors who treated Jenkins for the accident that caused him to go on duty disability.  Because Defendants cancelled these depositions and do not explain why they believed them to be necessary, the Court will disallow the service costs.  This means that Defendants are entitled to recover $2,984.08.

## IV.  CONCLUSION

For these reasons, Defendants are awarded $2,984.08 in costs.